IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AHMAD R. SHAYESTEH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-20-51-SLP |
| | ) |
| CHRISTOPHER HOYE, et al., | ) |
| | ) |
|     Defendants. | ) |

**O R D E R**

On September 30, 2020, this Court ordered Plaintiff Ahmad R. Shayesteh to show cause for his failure to effect timely service of process on the unnamed Defendants in this action. *See* Doc. No. 19. Mr. Shayesteh timely responded, filing Plaintiff's Sworn Statements to Show Cause for Failure to Effect Timely Service of Process on Unnamed Defendants ("Show Cause Filing") [Doc. No. 20].

In his Complaint, Mr. Shayesteh describes several unnamed Defendants as employees of the federal government; Deputy U.S. Marshals in Nevada, Utah, and Iowa; law enforcement employees of Iowa state and local government; "John Does;" "Jane Does;" and unnamed "Corporations and/or legal entities." Compl., Doc. No. 3, at 1. Although Plaintiff filed the Complaint almost nine months ago, the unnamed Defendants have not been served yet. Federal Rule of Civil Procedure 4(m) provides, in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

1

The Court's September 30, 2020 Order advised Mr. Shayesteh that he may use unnamed defendants if he provided an adequate description so that process could eventually be served. Doc. No. 19, at 3. Accordingly, by virtue of Plaintiff's failure to sufficiently identify the unnamed Defendants, the Court ordered Mr. Shayesteh to show cause for his failure to effect timely service of process on those Defendants. *Id.* at 4.

Mr. Shayesteh's Show Cause Filing generally blames the government for his failure to serve the unnamed Defendants. According to Mr. Shayesteh, before filing his Complaint, his calls to the U.S. Marshals Service requesting information about the events at issue in his Complaint gained no traction. Doc. No. 20, at 1-2. Mr. Shayesteh asserts that he was directed to file a Freedom of Information Act ("FOIA") request and that he did so in September 2019. *Id.* at 2. He allegedly has received no response to his request, notwithstanding his "several telephone calls[.]" *Id.* at 3. Additionally, Mr. Shayesteh now proclaims that, in his Motion for Order Directing U.S. Marshal to Effect Service of Process on Defendants [Doc. No. 4], he wanted the Court to order the Marshals to identify the unnamed Defendants. *Id.* Lastly, Mr. Shayesteh asserts that he "anticipated that the known Defendants who have been served would . . . produce timely discovery" regarding the unnamed Defendants—but the named Defendants' pending Motion to Dismiss has "stay[ed] the discovery process for months." *Id.*

I.    **Mandatory Extension of Time for Service**

Federal Rule of Civil Procedure 4 contains an extension requirement with respect to serving the U.S. and its employees. *See Shepard v. U.S. Dep't of Veterans Affs.*, 819 F. App'x 622, 623 (10th Cir. 2020) (discussing the mandatory extension provision of Rule

2

4(i)(4)). According to Rule 4(i)(3), to serve the unnamed Defendants that are U.S. officers or employees sued in their individual capacities (specifically, the unnamed U.S. Marshals and "Federal Government Employees"), Mr. Shayesteh "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." The Court must grant a party a "reasonable time to cure" the party's "failure to . . . serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4)(B). But because Mr. Shayesteh has not served any of these unnamed Defendants (and does not even know their identities), Rule 4(i)(4)(B)'s cure provision does not apply.[1]

Alternatively, the Court must grant a mandatory extension of time for service if Mr. Shayesteh demonstrates "good cause." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Good cause is not demonstrated by "inadvertence or negligence" or "ignorance of the rules[.]" *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Pro se litigants are still expected to follow Rule 4's requirements. *Id*. The Tenth Circuit reads the good cause requirement "narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (quoting *In re City of Philadelphia Litig.*, 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988)).

The Court finds Mr. Shayesteh has not demonstrated good cause. Plaintiff's attempt to shift the blame onto the government for his failure to identify the unnamed Defendants

---

[1] It appears that Plaintiff attempted to serve U.S. attorneys in Iowa, Nevada, and Utah [Doc. Nos. 7-10], but these filings have no impact on the Court's analysis as to whether an extension of time is warranted under Rule 4(i)(4)(B), because Plaintiff has not served the officer or employee.

3

fails. He asserts that no one has answered his FOIA request and that he intended his prior motion [Doc. No. 4][2] to ask the Court to order the Marshals Service to provide identifying information about the unnamed Defendants. Not so fast. It is not the Court's obligation to identify the unnamed Defendants. *Custard v. Balsick*, No. 15-CV-2221-REB-CBS, 2017 WL 131799, at *4 (D. Colo. Jan. 13, 2017) ("Plaintiff appears to believe that it is the court's obligation to identify unnamed John Doe defendants. It is not."); *Franks v. Waite*, No. 04-3396-SAC, 2009 WL 640777, at *1 (D. Kan. Mar. 11, 2009) ("Although he proceeds in forma pauperis, it is neither the role nor the responsibility of the Court or the U. S. Marshals Service to investigate the whereabouts or to locate parties to a lawsuit."). And, while the Court appreciates that Plaintiff allegedly has made a FOIA request, there is no indication in the docket that Plaintiff has tried issuing discovery requests to the named Defendants to obtain information about the unnamed Defendants. *See Custard*, 2017 WL 131799, at *4 ("Despite Plaintiff's responsibility to identify each Defendant, the court has no record of Plaintiff having taken any steps to discover the Doe Defendants' identities . . . [by] issuing early requests for documents (Fed. R. Civ. P. 26(d)(2) and 34(b)(2)(A)), [or] developing a discovery plan (Rule 26(f))"); *see also Bertrand v. Kopcow*, 199 F. Supp. 3d 1278, 1286 (D. Colo. 2016) ("If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed.") (quotation omitted). One unanswered FOIA request is not enough. *See Hawley v. Bowser*, No. CIV 06-004 MCA/WPL, 2008

---

[2] Nowhere in Plaintiff's prior motion [Doc. No. 4] does he request the Court issue an order to the Marshals Service to identify the unnamed Defendants, as Plaintiff now asserts in his Show Cause Filing.

4

WL 11451951, at *1 (D.N.M. Jan. 9, 2008) (holding that "filing a single FOIA request" did "not constitute a diligent effort to identify and effect service of process"). Lastly, Plaintiff's assertion that the named Defendants' pending Motion to Dismiss [Doc. No. 15] has somehow stayed discovery is without merit. *See D.J. Simmons, Inc. v. Broaddus*, No. CIV 99-1105 JP/LFG, 2000 WL 36739814, at *6 (D.N.M. June 21, 2000) ("The Federal Rules of Civil [P]rocedure do not provide for an automatic stay of discovery pending resolution of a motion to dismiss.") (quotation omitted).

Mr. Shayesteh's 90-day period for effecting service originally expired April 29, 2020. As of the date of the Court's show cause Order—September 30, 2020—Mr. Shayesteh had a bonus period of five months. Now, almost nine months after the filing of his Complaint, Plaintiff still cannot provide a good reason as to why he has no information about the unnamed Defendants. His wholesale reliance on others to provide the information for him—including the Court, the U.S. Marshals Service, and the named Defendants—does not constitute good cause.

## II.   Permissive Extension of Time for Service

Even if a plaintiff has not shown good cause, the Court has discretion to grant a permissive extension of time for service. *Espinoza*, 52 F.3d at 841. Under *Espinoza*, the Court generally considers the following factors in analyzing whether to grant a permissive extension: "(1) expiration of the statutes of limitations for a plaintiff's claims; (2) a plaintiff's efforts to properly effect service; (3) notice to the defendant of the lawsuit; (4) prejudice to the defendant; and (5) the complexity of the federal rules, especially when a

plaintiff is proceeding pro se." *Hernandez v. USF Reddaway*, No. 2:12CV475, 2013 WL 4430947, at *2 (D. Utah Aug. 16, 2013) (citing *Espinoza*, 52 F.3d at 840-42).

As to the first factor, Plaintiff asserts *Bivens* claims against the unnamed federal employees and the unnamed Deputy U.S. Marshals; claims under 42 U.S.C.§ 1983 against the unnamed Iowa state and local law enforcement employees; and an invasion of privacy claim against the unnamed individual and entity Defendants. The events at issue—Plaintiff's alleged arrest and fifty days of imprisonment—took place from February to April 2018. Compl. ¶¶ 2, 10-15. The *Bivens* and § 1983 claims are subject to the limitation period "set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). While the Plaintiff's Complaint is not a model of clarity, it appears that the *Bivens* and § 1983 claims could have arisen in Nevada, Iowa, or Utah.[3] Nevada and Iowa have limitation periods of two years. Nev. Rev. Stat. § 11.190(4)(e); Iowa Code § 614.1(2). Utah has a limitation period of four years. Utah Code Ann. § 78B-2-307(3). Accordingly, since the claims that arose in Nevada or Iowa would be barred (but not Utah), the Court finds that the first permissive extension factor weighs at least partly in Plaintiff's favor.

As to the second factor, the docket reflects that Plaintiff has attempted to serve the U.S. attorney for the District of Utah (and thus, appears to have attempted to serve the United States under Rule 4(i)). *See* Doc. No. 10. This factors in Plaintiff's favor.

---

[3] It is not clear where the *Bivens* claim against the unnamed "Federal Government Employees 1-10" or the invasion of privacy claim against the unnamed John Doe, Jane Doe, and entity Defendants would have accrued. *See* Compl. ¶¶ 42-45, 51-57.

6

The fifth factor is neutral.  Although the service rules under Rule 4 are complex—especially in serving U.S. employees individually—Plaintiff is entitled to assistance from the U.S. Marshals Service.  *See* Order, Doc. No. 19, at 1.  Rather than failing to properly navigate Rule 4, Plaintiff's lack of service issue suffers from the more fundamental problem of not knowing who to serve.

The third and fourth factors counsel against the Plaintiff.  The unnamed Defendants (whoever they are) likely have not received notice of Plaintiff's lawsuit.  And because of the length of time that has passed since Plaintiff filed his Complaint, the unnamed Defendants probably would be prejudiced by Plaintiff's delay in service.  *See Nichols v. Schmidling*, No. 10-2086-JAR, 2012 WL 10350, at *2 (D. Kan. Jan. 3, 2012), *aff'd sub nom. Nichols v. Kan.t Dep't of Corr.*, 503 F. App'x 573 (10th Cir. 2012) (noting delay prejudices unserved defendants as "evidence grows stale, witnesses become harder to locate, and witness recollections often fade.") (quotation omitted).

Accordingly, the factors espoused by *Espinoza* weigh both for and against dismissing the unserved, unnamed Defendants.  While the Court will not serve as advocate for a pro se plaintiff, the Tenth Circuit has warned against dismissing a pro se plaintiff's complaint without instructions to correct defects in service.  *Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Considering the potential statute of limitations problems for Mr. Shayesteh, the Court grants him a permissive extension of 60 days from the date of this Order to serve the unnamed Defendants or to provide sufficient identifying information on the unnamed Defendants to the U.S. Marshals Service so that service may be accomplished.

IT IS THEREFORE ORDERED that the Court grants Plaintiff a permissive extension of 60 days to serve the unnamed Defendants pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff has 60 days to serve the unnamed Defendants or to provide sufficient identifying information on the unnamed Defendants to the Marshals Service so that service may be accomplished.

IT IS SO ORDERED this 26th day of October, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE