# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AHMAD R. SHAYESTEH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-51-SLP |
| | ) |
| CHRISTOPHER HOYE, et al., | ) |
| | ) |
| Defendants. | ) |

## O R D E R

Before the Court is the Federal Defendants' Motion to Dismiss [Doc. No. 15] filed by Defendants Christopher Hoye, James Thompson, and Kenneth Runde (collectively, the "Named Defendants").[1] It is at issue. *See* Resp. [Doc. No. 16]; Reply [Doc. No. 18]. Defendants Hoye and Runde move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. All three Named Defendants move to dismiss the claims against them under Rule 12(b)(6) for failure to state a claim. For the reasons that follow, the Court holds dismissal is appropriate because the Court does not have personal jurisdiction over Hoye or Runde and the Complaint fails to state a claim against any of the Named Defendants.

---

[1] Defendants Hoye, Thompson, and Runde are the only remaining Defendants in this action. Plaintiff's Complaint originally asserted claims against numerous unnamed Defendants, described as follows: Deputy U.S. Marshals for the District of Nevada 1-10; Deputy U.S. Marshals for the District of Utah 1-10; Deputy U.S. Marshals for the District of Iowa 1-10; *Alii* Federal Government Employees 1-10; State-and-Local Iowa Law-Enforcement Employees 1-10; John Does 1-10; Jane Does 1-10; and Corporations and/or legal entities 1-10. Compl. [Doc. No. 3], at 1. On January 4, 2021, the Court dismissed without prejudice Plaintiff's action with respect to these unnamed Defendants pursuant to Federal Rule of Civil Procedure 4(m) [Doc. No. 22].

I.  **Background**[2]

In 2014, Plaintiff Ahmad R. Shayesteh was released from prison in Pennsylvania, but he remained in the custody of Immigration and Customs Enforcement for another year. On February 7, 2018, the United States District Court for the District of Utah issued a warrant for Plaintiff's arrest regarding Plaintiff's failure to report to the U.S. Probation Office. Plaintiff alleges he was not informed of any reporting obligation.

A week later, unknown Deputy U.S. Marshals from the District of Nevada, allegedly under the supervision of Defendant Hoye (collectively, the "Nevada Marshal Defendants"), attempted to execute the arrest warrant at Plaintiff's old residence in Nevada. The Nevada Marshal Defendants obtained Plaintiff's cell phone number from the current residents and shared the number with unknown Deputy U.S. Marshals from the District of Utah supervised by Defendant Thompson (collectively, the "Utah Marshal Defendants"). The Nevada Marshal Defendants and Utah Marshal Defendants, along with other unknown employees of the federal government, tracked Plaintiff's cell phone using the internet, GPS, and cell signal location information to Plaintiff's location in Cedar Rapids, Iowa.

These government actors shared Plaintiff's location with unknown Deputy U.S. Marshals in Iowa[3] who were supervised by Defendant Runde (the "Iowa Marshal

---

[2] The following facts have been adopted from Plaintiff's Complaint [Doc. No. 3].

[3] Although Plaintiff asserts these Deputy U.S. Marshals were from "the District of Iowa[,]" *see* Compl. ¶ 14, the movants assert Defendant Runde was the U.S. Marshal for the Northern District of Iowa in the relevant time period. Mot. 3.

Defendants").⁴  Two weeks later, the Iowa Marshal Defendants arrested Plaintiff in Cedar Rapids.  Eventually, Plaintiff was brought before the United States District Court for the District of Utah and released.

Plaintiff filed this action pro se asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendants Hoye, Runde, and Thompson in their individual capacities.  Plaintiff asserts the Named Defendants violated the Fourth Amendment by obtaining Plaintiff's phone number, tracking his location, and arresting him based on this information.  According to Plaintiff, Defendants Hoye, Runde, and Thompson—the U.S. Marshals for the District of Nevada, Northern District of Iowa, and District of Utah, respectively—"put in place policies and instilled attitudes and behaviors that encouraged [their] deputies to callously disregard suspects' constitutional rights[.]"  Compl. ¶¶ 25, 30, 40.

## II.     Motion to Dismiss for Lack of Personal Jurisdiction

### A.     Governing Standard

Plaintiff has the burden to demonstrate that this Court has personal jurisdiction over Defendants, although that burden is  light. *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).  The Court cannot exercise personal jurisdiction over Defendants Hoye and Runde "unless (1) an applicable statute authorizes service of process on that defendant and (2) the exercise of statutory jurisdiction comports with

---

⁴ The Court uses the word "Defendants" in naming the Nevada Marshal Defendants, the Utah Marshal Defendants, and the Iowa Marshal Defendants only to remain consistent with Plaintiff's descriptions of these groups in his Complaint.  However, as stated previously, only the Named Defendants (Hoye, Thompson, and Runde) remain in this action.

3

constitutional due process." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020); *see also Walden v. Fiore*, 571 U.S. 277, 283 (2014) (applying the Nevada long-arm statute in the personal jurisdiction analysis in a *Bivens* action). Utah's long-arm statute confers jurisdiction to the extent allowed by due process, so the analysis "collapses here into a single due-process inquiry." *XMission*, 955 F.3d at 839. Due process requires defendants to "have minimum contacts with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice." *Id*. (cleaned up).

The Court addresses only specific personal jurisdiction because Plaintiff does not invoke general personal jurisdiction.[5] "Specific jurisdiction is proper if (1) the out-of-state defendant 'purposefully directed' its activities at residents of the forum State, and (2) the plaintiff's alleged injuries 'arise out of or relate to those activities.'" *Id*. at 840 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Purposeful direction may be established in cases where "an out-of-state defendant's *intentional* conduct targets and has substantial harmful effects in the forum state." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 907 (10th Cir. 2017). This inquiry—the *Calder* effects test[6]—has the following elements: (1) "an intentional action" (2) "expressly aimed at the forum state" (3) "with . . . knowledge that the brunt of the injury would be felt in the forum state[.]" *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008).

---

[5] The Named Defendants acknowledge that Plaintiff served Runde at his personal residence in Iowa and Hoye at his current address in Arizona. Mot. 8.

[6] *See Calder v. Jones*, 465 U.S. 783, 789 (1984).

"[T]he defendant can defeat jurisdiction by presenting a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *XMission*, 955 F.3d at 840 (quoting *Burger King*, 471 U.S. at 477).

A motion to dismiss decided without an evidentiary hearing requires Plaintiff to make only a prima facie showing that jurisdiction exists. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Plaintiff must establish a prima facie showing with respect to each claim and each defendant. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020); *Newsome v. Gallacher*, 722 F.3d 1257, 1265-66 (10th Cir. 2013). This showing can be made "through affidavits or other written materials." *Dental Dynamics*, 946 F.3d at 1228. Uncontroverted allegations in the complaint are taken as true. *Wenz*, 55 F.3d at 1505. "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Id*.

B.  **Discussion**

Even if Plaintiff has satisfied the "intentional action" requirement with respect to Hoye and Runde by alleging they implemented unconstitutional policies and were involved in tracking and arresting Plaintiff,[7] Plaintiff fails to carry his burden to show how these actions were "expressly aimed" at Utah. *See Dudnikov*, 514 F.3d at 1075 (holding the "express aiming" element asks about "the 'focal point' of [the defendant's] purposive efforts"). Plaintiff asserts that Defendants Hoye and Runde had the requisite connection to the Utah because they were both "in communication with the forum state (Utah) U.S.

---

[7] However, as discussed *infra*, the Court finds Plaintiff's collective allegations with respect to the location and arrest of Plaintiff are insufficient to state claims against Hoye and Runde.

5

Marshals Office" while the Nevada Marshal Defendants (including Hoye) attempted to execute the District of Utah arrest warrant at Plaintiff's old Nevada residence and while the Iowa Marshal Defendants (including Runde) executed the warrant in Iowa. Resp. 4-5. Plaintiff argues that the "purpose" of Hoye and Runde "was to arrest [Plaintiff] and send him to Utah in order to make [Plaintiff] a Utah resident on supervised release[.]" *Id*. Plaintiff also alleges the Nevada Marshal Defendants shared Plaintiff's cell phone number with the Utah Marshal Defendants. Compl. ¶ 18. Further, the Nevada Marshal Defendants and Utah Marshal Defendants then apparently "informed" the Iowa Marshal Defendants of Plaintiff's location and "provided . . . real time GPS tracking and [cell signal location information] of his device[,]" resulting in Plaintiff's arrest in Iowa. *Id*. ¶¶ 20, 33.

*Calder* instructs that "[e]ach defendant's contacts with the forum State must be assessed individually." 465 U.S. at 790. Plaintiff has not carried his burden to show that Hoye and Runde expressly aimed their intentional actions at Utah. The Court is not convinced by Plaintiff's unadorned, collective allegations that Hoye and Runde were part of a group of unknown Marshals who communicated with (and, in the case of the Nevada Marshal Defendants, shared a cell phone number with) Utah officials in the course of executing Plaintiff's arrest in states outside of Utah. *See Collins v. Citty*, No. CIV-09-756-W, 2009 WL 10703055, at *6 (W.D. Okla. Dec. 29, 2009) (rejecting personal jurisdiction over Pennsylvania defendants where the plaintiff was arrested in Oklahoma and transported to Pennsylvania because "[t]he aggregate actions of the instant movants which [the

6

plaintiff] has advanced only in conclusory terms in his complaint are insufficient to support this Court's exercise of specific jurisdiction over a particular defendant").[8]

Further, "courts have generally found no personal jurisdiction over out-of-state officials who merely cooperated in a forum state's request to arrest and extradite a plaintiff to the forum state." *Simmons v. Blumenfeld*, No. CV 14-4806-JFW (JEM), 2015 WL 9906164, at *9 (C.D. Cal. Dec. 10, 2015), *report and recommendation adopted*, No. CV 14-4806-JFW (JEM), 2016 WL 284783 (C.D. Cal. Jan. 22, 2016); *see also id*. at *10 (holding that U.S. Marshals Service official in Georgia who was involved in the plaintiff's arrest in Georgia and extradition back to California did not purposefully direct conduct to California under *Calder*); *Alfred v. Whetsel*, No. CIV-07-950-C, 2008 WL 506335, at *4 (W.D. Okla. Feb. 21, 2008) (dismissing Georgia defendants involved in the extradition of the plaintiff from Georgia to Oklahoma for lack of personal jurisdiction); *Steelman v. Carper*, 124 F. Supp. 2d 219, 224 (D. Del. 2000) (holding that out-of-state defendants' extradition of Plaintiff to forum state was insufficient to establish personal jurisdiction). Additionally, Plaintiff's bare allegation that Hoye and Runde had the purpose of sending Plaintiff to the state that issued the arrest warrant does not establish that those Defendants "expressly aimed" their activities at Utah. *See Walden*, 571 U.S. at 291 ("the mere fact

---

[8] The Court does not credit Plaintiff's vague allegation that the Nevada Marshal Defendants "along with the Utah Marshal Defendants . . . tracked down and/or solicited and effectuated others to track down for them the location of [Plaintiff's] device[.]" Compl. ¶ 19. Further, the allegation that the Nevada Marshal Defendants and Utah Marshal Defendants informed the *Iowa* Marshal Defendants of Plaintiff's location and arrest warrant does show how Hoye and Runde reached out to *Utah*. *Id*. ¶ 20. And Plaintiff says nothing about how the policies, behaviors, and attitudes allegedly instilled by Hoye and Runde were aimed at Utah.

that [the defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction."). Because the Court finds Plaintiff has not established purposeful direction, the Court needs not address the "arise out of" or reasonableness elements of the specific personal jurisdiction analysis. As an alternative, the Court holds dismissal is appropriate against Hoye and Runde because the Complaint fails to state a *Bivens* claim against either of them, as set out more fully below.

### III.     Motion to Dismiss for Failure to State a Claim

#### A.     Governing Standard

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While Rule 8(a)(2) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). As such, "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. In essence, a plaintiff must "nudge[ his] claims

8

across the line from conceivable to plausible" in order to survive a motion for dismissal. *Id*. at 570. Just because they proceed pro se does not exempt plaintiffs from providing the requisite factual support. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A *Bivens* action is "the federal analog to a § 1983 suit . . . which provides a 'private action for damages against federal officers' who violate certain constitutional rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 675). While the elements of a *Bivens* action varies with the constitutional provision at issue, "common to all § 1983 and *Bivens* claims is the requirement that liability be predicated on a violation traceable to a defendant-official's 'own individual actions.'" *Id*. (quoting *Iqbal*, 556 U.S. at 676). Thus, the plaintiff cannot reach a government official through a respondeat superior theory regarding the conduct of the official's subordinates. *Id*. While the plaintiff may proceed under a supervisory liability theory, the plaintiff must demonstrate: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)).

Where the plaintiff alleges *Bivens* actions against multiple defendants, the Tenth Circuit has "stressed the need for careful attention to particulars[.]" *Id*. The plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom* . . . as distinguished from collective allegations." *Id*. (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). The plaintiff must "identify *specific* actions taken by *particular*

9

defendants" to assert a viable *Bivens* claim. *Id*. at 1226 (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)). Accordingly, when proceeding under a supervisory liability theory, "[a] plaintiff must therefore identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation." *Id*. To summarize:

> To make out viable § 1983 and *Bivens* claims . . . plaintiffs . . . must establish that each defendant—whether by direct participation or by virtue of a policy over which he possessed supervisory responsibility—caused a violation of plaintiffs' clearly established constitutional rights, and that each defendant acted with the constitutionally requisite state of mind. Plaintiffs must do more than show that their rights "were violated" or that "defendants," as a collective and undifferentiated whole, were responsible for those violations. . . . They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility, that violated their clearly established constitutional rights. . . . Failure to make this showing both dooms plaintiffs' § 1983 and *Bivens* claims[.]

*Id*. at 1228.

### B. Discussion

According to the Named Defendants, Plaintiff fails to show that Hoye, Thompson, and Runde were personally involved in the underlying conduct and Plaintiff's allegations regarding the Named Defendants' policies are insufficient. The Named Defendants assert that Plaintiff fails to demonstrate the Named Defendants' personal involvement in locating and arresting Plaintiff by alleging Hoye, Thompson, and Runde "only . . . supervised the unknown [Deputy U.S. Marshals] at the relevant time." Mot. 5. Additionally, the Named Defendants argue that Plaintiff fails to demonstrate supervisory liability because Plaintiff does not allege any specific policies promulgated or implemented by the Named

Defendants. Plaintiff's only argument in response is that the actions attributed to the groups labeled "Nevada Marshal Defendants," "Utah Marshal Defendants," and "Iowa Marshal Defendants" throughout the Complaint encompass Hoye, Thompson, and Runde, respectively.

Dismissal of the Named Defendants is appropriate under Rule 12(b)(6). First, Plaintiff's attempts to assert *Bivens* claims against the Named Defendants on the grounds they are "subsume[d]" into large swaths of government officials fail. *See* Resp. 2; *see also Robbins*, 519 F.3d at 1249-50. Although the Named Defendants read the Complaint as alleging a respondeat superior theory that the unnamed Marshals (and not the Named Defendants) were the ones "who located and arrested Shayesteh, and did so only 'under the supervision' of Hoye, Thompson, and Runde[,]" (Reply 2), the Court—construing Plaintiff's allegations liberally and in the light most favorable to Plaintiff—does not read the Complaint the same way. *Hall*, 935 F.2d at 1109-10. By defining the collective terms "Nevada Marshal Defendants," "Utah Marshal Defendants," and "Iowa Marshal Defendants" to encompass Hoye, Thompson, and Runde, the Complaint attempts to assert that Hoye, Thompson, and Runde were somehow directly involved in the conduct attributed to those groups. Accordingly, the Complaint does not appear to assert a respondeat superior theory of liability against the Named Defendants. Nevertheless, this kind of collective pleading fails to isolate what Hoye, Thompson, and Runde are alleged to have done separate from the several unnamed Deputy U.S. Marshals who were former defendants in this action. *Pahls*, 718 F.3d at 1225; *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) ("Because the defendants here are 'mistakenly grouped in a single

11

allegation,' the Complaint 'fails to isolate the allegedly unconstitutional acts of' [New Mexico] Secretary [of Corrections] Williams." (quoting *Robbins*, 519 F.3d at 1250)).

Second, Plaintiff's allegations regarding the policies, attitudes, and behaviors allegedly instituted by Defendants are too vague to survive dismissal. Plaintiff fails to specify what these policies were. Accordingly, the Complaint is deficient under a supervisory liability theory. *See Brown*, 662 F.3d at 1166 (holding that the complaint failed to establish supervisory liability because "it does not even mention the Policy.").

### IV. Conclusion

IT IS THEREFORE ORDERED that the Federal Defendants' Motion to Dismiss [Doc. No. 15] is GRANTED. Plaintiff's claims against Defendants Christopher Hoye, James Thompson, and Kenneth Runde are DISMISSED WITHOUT PREJUDICE. If Plaintiff seeks to amend his Complaint, the Court grants him leave to do so by March 29, 2021.

IT IS SO ORDERED this 25th day of February, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE